at appellant's own urging, we conclude that the presentment agency met its heavy burden of establishing consent (*People v Gonzalez*, 39 NY2d 122, 128; *People v Zimmerman*, 101 AD2d 294). In any event, appellant's detention pursuant to Family Court Act § 718 was, as a matter of law, a full custodial arrest, which justified the officer's search of appellant's knapsack as incident to her lawful arrest (*Matter of Jamel J.*, 246 AD2d 388; *Matter of Michael J.*, 233 AD2d 198; *Matter of Mark Anthony G.*, 169 AD2d 89, 93). Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.

■ GOLD-LAND, INC., Doing Business as LYN's CAFE, Appellant, v STEVEN HASKELL et al., Respondents. [669 NYS2d 804] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about August 11, 1997, which, in an action by plaintiff commercial tenant for a declaration that it is not in violation of its lease with defendant landlord, implicitly denied plaintiff's motion for *Yellowstone* relief and *sua sponte* transferred the action to Civil Court pursuant to CPLR 325 (d), unanimously modified, on the law, the transfer vacated, and the complaint dismissed, without prejudice to plaintiff commencing an action in Civil Court, and the order otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The IAS Court's implicit denial of plaintiff's motion for a *Yellowstone* injunction was proper, but, upon reaching that determination, it should have dismissed the action. CPLR 325 (d) was not a proper vehicle for transferring this action to Civil Court. The parties may raise any outstanding issues in the commercial landlord tenant part of Civil Court (*Lun Far Co. v Aylesbury Assocs.*, 40 AD2d 794), if so advised. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.

■ PEOPLE v MIKE BEARD. [671 NYS2d 648] —Appeal dismissed because of appellant's death, and the matter remanded for dismissal of the indictment, as indicated. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. MARGARET A. CHOW MENZER, Admitted as MARGARET A. CHOW, on February 27, 1978, at a term of the Appellate Division, First Department. [671 NYS2d 967] —The order of this Court entered on April 24, 1997 (230 AD2d 366) is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of attorneys and counselors-at-law in the

State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. MARK J. CHADSEY, Admitted on January 15, 1987, at a term of the Appellate Division, Fourth Department. [671 NYS2d 967] —The order of this Court entered on April 24, 1997 (230 AD2d 366), is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of attorneys and counselors-at-law in the State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. ERWIN LOUIS CHEROVSKY, Admitted on December 2, 1958, at a term of the Appellate Division, Fourth Department. [671 NYS2d 968] —The order of this Court entered on April 24, 1997 (230 AD2d 366), is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of attorneys and counselors-at-law in the State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. EDWARD TIMOTHY CALLAHAN, Admitted on May 24, 1957, at a term of the Appellate Division, First Department. [671 NYS2d 968] —The order of this Court entered on April 24, 1997 (230 AD2d 366), is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of attorneys and counselors-at-law in the State of New York, *nunc pro tunc.* No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. JONATHAN BARLOW CARTER, Admitted on May 5, 1986, at a term of the Appellate Division, First Department. [672 NYS2d 673] —The order of this Court entered on April 24, 1997 (230 AD2d 366), is recalled and vacated *nunc pro tunc,* and the Opinion Per Curiam filed therewith is amended to vacate so much thereof as pertains to the above-named respondent. Respondent's name is directed to be restored to the roll of